OPINION
Appellant Joan G. Houger appeals a judgment of the Canton Municipal Court overruling her motion for reimbursement of costs associated with her conviction for disorderly conduct:
 ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1
 HAVING BEEN ORDERED TO RE-SENTENCE THE DEFENDANT FOR A MINOR MISDEMEANOR, THE TRIAL COURT ERRED WHEN IT CREDITED THE $100.00 FINE THAT SHE HAD PAID TO THE CANTON MUNICIPAL COURT CLERK ON FEBRUARY 8, 2000, BUT DENIED HER POST REMAND MOTION FOR REIMBURSEMENT OF ALL MONIES SHE HAD PAID IN EXCESS OF SUCH FINE, TO AVOID SERVING A 10 DAY JAIL SENTENCE FOR A MINOR MISDEMEANOR. THE MONIES SHE PAID FOR HER CONTINUED FREEDOM INCLUDED: (1) JURY COSTS; (2) COSTS ADVANCED FOR TRIAL TRANSCRIPT; (3) THE COSTS TO COMPLY WITH THE COURT'S ELECTRONICALLY MONITORED HOUSE ARREST ORDER; AND (4) THE VALUE OF HER SERVICES EXPENDED IN PERFORMING THE 50 HOURS OF COMMUNITY SERVICE.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT WHERE IT FINED THE DEFENDANT $100.00 FOR A MINOR MISDEMEANOR, BUT DENIED REIMBURSEMENT OF COSTS JUDICIALLY IMPOSED AS AN ADDITIONAL SANCTION THAT RENDERED THE FINE EXCESSIVE AS WELL AS UNCONSTITUTIONAL IN VIOLATION OF ARTICLE 1, SECTION 9
OF THE OHIO CONSTITUTION.
Following an incident at the Bureau of Motor Vehicles, appellant was charged with disorderly conduct in violation of Canton City Ordinance 509.03, a misdemeanor of the fourth degree. The case proceeded to jury trial in the Canton Municipal Court. Following trial, she was found guilty of disorderly conduct. The court convicted appellant of disorderly conduct as a misdemeanor of the fourth degree, and sentenced her to thirty days incarceration, with all but ten days suspended on condition of good behavior for two years. In lieu of ten days incarceration, appellant was permitted to serve thirty days of electronically monitored house arrest, and perform 50 hours of community service. She was fined $100. Appellant appealed to this court. We found that the court erred in sentencing her for a misdemeanor of the fourth degree rather than a minor misdemeanor, as the court failed to instruct the jury on the element of persistence, needed to elevate the crime to a misdemeanor of the fourth degree. Further, the verdict did not state the degree of the offense, nor did it include the aggravating circumstance of persistence necessary to elevate the degree of the offense. State v. Houger (August 21, 2000), Stark App. No. 2000CA00055, unreported. However, we affirmed the conviction, and remanded for sentencing for a minor misdemeanor. On September 13, 2000, the court sentenced appellant for a minor misdemeanor, fining her $100 and ordering her to pay costs. He gave her credit for the $100 she had already paid as a fine for a misdemeanor of the fourth degree. On September 20, appellant filed a motion for reimbursement, seeking reimbursement for $1049.50 in costs, and $2500 in attorney fees. On October 3, the court overruled the motion for reimbursement. Appellant filed a notice of appeal to this court on October 12.
 I
Appellant argues that the court erred in failing to give her credit for payment of jury costs, costs of a transcript for her first appeal, costs associated with the sentence for electronic house arrest, and the value of services performed as community service under her original sentence. Appellant cites no authority for the proposition that a reversal for re-sentencing on a lower charge requires a refund of all costs paid. Clearly, the court could properly order appellant to pay the jury costs, transcript costs, and other court costs associated with the underlying action, as her conviction was not reversed. As to costs associated with house arrest and performance of community service, appellant's remedy was to seek a stay of the sentence pending appeal. In fact, appellant did so, and the sentence was stayed on March 3, 2000. Appellant was not entitled to a refund of any costs incurred before she sought a stay of the underlying sentence. The first assignment of error is overruled.
 II
Appellant argues that her fine is constitutionally excessive for a minor misdemeanor, as in addition to the $100 fine, she paid costs, as outlined in Assignment of Error I. This assignment is without merit. Pursuant to R.C. 2929.21, appellant may be fined $100 for a minor misdemeanor. On remand, the court ordered appellant to pay $100, and gave her credit for the $100 previously paid as a fine. Finally, the court vacated any remaining hours of community service and days of house arrest. The second assignment of error is overruled. The judgment of the Canton Municipal Court is affirmed. Costs to appellant.
 __________ Gwin, P.J.
Hoffman, J., and Farmer, J., concur.